# IN THE COURT OF APPEALS OF IOWA

No. 24-0536
Filed June 19, 2024

**IN THE INTEREST OF A.C. and A.C.,**
**Minor Children,**

**C.C., Father,**
        Appellant,

**N.R., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, Judge.


A mother and father each appeal the termination of their parental rights.

**AFFIRMED ON BOTH APPEALS.**


Cole J. Mayer of Des Moines Juvenile Public Defender, Des Moines, for appellant father.

Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Nancy L. Peitz of Pietz Law Office, Des Moines, guardian ad litem for minor child, AI.C.

Shannon L. Wallace of Youth Law Center, Des Moines, attorney for minor child, AI.C.

Ling Harl of Harl Law Office, Ankeny, attorney and guardian ad litem for minor child, Ar.C.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother and father each appeal the termination of their parental rights. We find there is clear and convincing evidence in the record to support termination of the mother's parental rights. We find termination of the father's parental rights is in the children's best interests, application of an exception to termination is unwarranted, and it would not be in the children's best interests to grant the father an extension of time. Accordingly, we affirm the termination of the mother's and father's parental rights.

## I.    Background Facts & Proceedings

C.C., father, and N.R., mother, are the parents of Al.C., born in 2014, and Ar.C., born in 2021. On August 29, 2022, Al.C., who was then eight years old, called 911 to report that her mother was unresponsive. When officers arrived, they found the father attempting to perform CPR on the mother. The officers believed the father was under the influence of a substance due to his erratic behavior. Officers saw heroin and methamphetamine in plain view in the home. Once resuscitated, the mother indicated that she had used heroin. The parents also had a history of domestic violence.

The children were removed from parental custody and were initially placed with a paternal aunt. Concerns arose because there were reports the mother had unsupervised contact with the children. In December, the children were moved to foster care.[1] A hair test of Ar.C. was positive for cocaine, fentanyl, and THC. The

---

[1] At the time the children were moved from the paternal aunt's home, workers from the Iowa Department of Health and Human Services (HHS) smelled an odor of marijuana in the home.

mother acknowledged using crack cocaine and marijuana after the children's removal.

In the meantime, in November, after eluding law enforcement officers, the father was found to have several baggies of heroin and methamphetamine in his vehicle. A blood test of the father was positive for cocaine and fentanyl. The father was charged with eluding, possession of a controlled substance, and operating while under the influence. The father entered into a plea agreement and was placed on probation with the condition that he enter an in-patient substance-use program.

The children were adjudicated to be in need of assistance (CINA) in February 2023.[2] The mother began an extended outpatient treatment program. The father was also in a substance-use program associated with his probation. On June 1, the court granted the parents a six-month extension to work on reunification efforts. The father was arrested at the end of the hearing for probation violations.

Subsequently, the father tested positive for methamphetamine, and he was discharged from the treatment facility. A warrant was issued for the father for probation violations arising from his positive drug tests and leaving treatment. He was arrested in Illinois and returned to Iowa. The mother tested positive for cocaine but denied using illegal substances. In August, the mother reported receiving threats from the father. She obtained a no-contact order. Despite this,

---

[2] There was a delay in the CINA adjudication due to questions about whether Iowa or Illinois had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, Iowa Code chapter 598B (2022). Illinois declined jurisdiction of the case, and the proceedings continued in Iowa.

she let the father into the home. There was also a report that the mother was with the father in Illinois.

The State asked to have the extension of time shortened, and the court granted this request. On November 17, the State petitioned to terminate the parents' rights. At the termination hearing, the court separately spoke to Al.C., who stated she wanted to return to her mother's home. She stated she did not feel safe around her father. At times Al.C. refused to attend visits with the father. She also stated that she felt safe in the foster home.

Although the mother previously denied using cocaine in June, at the termination hearing she admitted using at that time. She stated she used cocaine with the father while he was on the run from active warrants for his arrest. She recalled a time when HHS came to the home and the father climbed out a window, so he was not found there. The mother stated it was her intention to separate from the father. She did not ask for the return of her children at the time of the hearing but requested more time to work on reunification efforts.

The father testified that he was in jail and waiting to enter an in-patient substance-use program. The program was expected to take eight months to complete. The father asked for an extension of time to have the children returned to his custody.

The HHS caseworker testified there were still concerns about substance use and domestic violence in the case. She stated the mother had not been honest with HHS about her use of illegal drugs or her contact with the father. The father continued to use illegal drugs. He did not engage in services for a time period

because he was on the run due to outstanding warrants. The caseworker also testified HHS had identified relatives who were hoping to adopt the children.

The district court terminated the parents' rights under section 232.116(1)(f) for Al.C. and section 232.116(1)(h) for Ar.C. The court found termination of the parents' rights was in the children's best interests. The court declined to apply any of the exceptions to termination found in section 232.116(3). And the court found it would not be in the children's best interests to grant another six-month extension of time. The mother and father each appeal the district court's decision.

## II.      Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

In general, we follow a three-step analysis in reviewing the termination of a parent's rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). First, we consider whether there is a statutory ground for termination of the parent's rights under section 232.116(1). *Id.* Second, we look to whether termination of the parent's rights is in the child's best interests. *Id.* Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.* But when the parent does not raise a claim relating to any of the three steps, we do not address that step and instead limit our review to the specific claims presented.

*See id.* at 40 (recognizing we do not consider a step the parent does not challenge).

### III.     Mother

The mother challenges the sufficiency of the evidence to support the termination of her parental rights under section 232.116(1)(f)[3] and (h).[4]  She claims the State failed to present clear and convincing evidence to show the children could not be returned to her custody, which corresponds to section 232.116(1)(f)(4) and (h)(4).    She asserts that she is working on maintaining sobriety and establishing a life apart from the father.

"We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination."  *In re T.S.,* 868

---

[3]Section 232.116(1)(f) provides for termination of parental rights if the following have occurred:
>        (1) The child is four years of age or older.
>        (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>        (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
>        (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

[4]Section 232.116(1)(h) provides for termination under the following circumstances:
>        (1) The child is three years of age or younger.
>        (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>        (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>        (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

N.W.2d 425, 434 (Iowa Ct. App. 2015). Section 232.116(1)(f)(4) and (h)(4) requires a showing by clear and convincing evidence that a child "could not be safely returned to the custody of [the child's] parents." *In re S.O.*, 967 N.W.2d 198, 206 (Iowa 2021). Under section 232.116(1)(f)(4) and (h)(4), a court considers whether a child can be returned to the parent at the time of the termination hearing. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021).

At the termination hearing, the mother testified the children could be returned to her at that time, but she was not requesting they be returned immediately. The mother asked for an extension of time to allow the children to transition home. She stated it would not be in the children's best interests to be returned at the time of the hearing because "I know I still need time to work on things."

We find there is clear and convincing evidence in the record to show the children could not be safely returned to the mother's custody at the time of the termination hearing. As the mother herself recognized, she was not in a position to care for the children. The mother still needed to address the issues that led to the removal of the children—substance use and her relationship with the father. We conclude there is clear and convincing evidence to support the application of section 232.116(1)(f) and (h). We affirm the termination of the mother's parental rights.

**IV.    Father**

**A.**    The father does not dispute the statutory grounds for termination of his parental rights. He asserts that termination was not in the children's best interests and requests an extension of time for reunification efforts. He points out

that he was scheduled to begin in-patient treatment shortly after the termination hearing. He states that once he completes treatment, he could be a valuable resource for the long-term nurturing and growth of the children.

In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *P.L.*, 778 N.W.2d at 41. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

The father has a long history of substance use and domestic violence. The father's conduct during the CINA proceedings provides little hope that he could provide stability for the children or be able to meet their needs. The father continued to use illegal substances. While on probation, he absconded and spent time on the run while there were active warrants for his arrest. He did not address the concerns about domestic violence. He violated the order prohibiting him from having contact with the mother. We conclude termination of the father's parental rights is in the children's best interests.

**B.** The father claims the court should have applied an exception to termination. He contends the court could have elected not to terminate based on section 232.116(3)(a), which applies when "[a] relative has legal custody of the child."

The exceptions to termination found "in section 232.116(3) are permissive, not mandatory." *In re W.T.*, 967 N.W.2d 315, 324 (Iowa 2021) (citation omitted).

"The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). "[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3) . . . ." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). The children's best interests remain our first consideration. *Id.* at 475.

The children were not in the custody of relatives at the time of the termination hearing; they were in foster care. The HHS worker testified there was a plan to place the children with relatives who lived out of state, but HHS had not yet received the necessary paperwork. As HHS retained custody, section 232.116(3)(a) is not applicable.

**C.** The father requested a six-month extension to work on reunification with the children. He notes that he was starting an in-patient treatment program soon after the termination hearing. He states that once he completes treatment he can care for the children.

A six-month extension of time may be granted under sections 232.104(2)(b) and 232.117(5) if parental rights are not terminated following a termination hearing. *In re D.P.*, No. 21-0884, 2021 WL 3891722, at *2 (Iowa Ct. App. Sept. 1, 2021). An extension of time may be granted if the court "determin[es] that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) (quoting Iowa Code § 232.104(2)(b)). "The judge considering [the extension]

should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *Id.* (citation omitted). And to grant an additional six months, the court must identify "specific factors, conditions, or expected behavioral changes" that provide a basis for determining "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *In re S.H.-M.*, No. 23-1706, 2023 WL 8806153, at *4 (Iowa Ct. App. Dec. 20, 2023).

On this issue, the district court stated:

> The Court has considered granting the parents another six month extension. The Court determines this is not appropriate. During the last extension, the father absconded from probation and was charged with a new crime—domestic abuse assault. The mother continued in her toxic, domestic violence relationship with the father and used cocaine. The mother repeatedly lied to all professionals and the Court re[garding] this use, despite the positive drug screen for cocaine. It was not until the mother testified at the termination trial, that she finally said she had used cocaine. The children need and deserve permanency. Termination is in the children's best interest.

We conclude the district court properly denied the father's request for an extension of time. The evidence shows it was unlikely the children could be returned to the father within six months.

We affirm the termination of the mother's parental rights and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**